IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CLEVELAND LEE WRIGHT,**
a/k/a Maiakhen Asar Maakheru
**ADC #119139**     **PLAINTIFF**

v.     Case No. 4:21-cv-00069-KGB

**SONDRA L. PARKER,**
Mental Health Supervisor, Varner Unit, ADC; *et al*.     **DEFENDANTS**

**ORDER**

Before the Court are the Proposed Findings and Recommendations dated March 4, 2021 ("Partial Recommendation") submitted by United States Magistrate Judge Joe J. Volpe and the Proposed Findings and Recommendations dated April 11, 2022 ("Recommendation") also submitted by Judge Volpe (Dkt. Nos. 6; 34). The Court addresses separately the Partial Recommendation and the Recommendation.

    **I.**     **Partial Recommendation**

In his Partial Recommendation, Judge Volpe recommends that this Court dismiss without prejudice Sondra Parker, D. Compton, and Dale Marshal Reed as parties to this lawsuit and certify that an *in forma pauperis* appeal from an order adopting the Partial Recommendation would not be taken in good faith (Dkt. No. 6, at 2–3). 28 U.S.C. § 1915(a)(3). Plaintiff Cleveland Wright filed no objections to the Partial Recommendation, and the time for filing objections has passed. After careful consideration, the Court concludes that the Partial Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 6). The Court dismisses without prejudice defendants Parker, Compton, and Reed as parties to this lawsuit and certifies that an *in forma pauperis* appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## II. Recommendation

In his Recommendation, Judge Volpe recommends that this Court grant defendants James Gibson, Rory Griffin, Vickey Haycox, Jada Lawrence, Robert A Parker, and James Shipman's (collectively "remaining defendants") motion for summary judgement and certify that an *in forma pauperis* appeal from an order and judgment adopting the Recommendation would not be taken in good faith. 28 U.S.C. § 1915(a)(3) (Dkt. No. 34, at 11–12). Wright filed timely objections to Judge Volpe's Recommendation (Dkt. No. 35). After reviewing the Recommendation, Wright's objections, and the record *de novo*, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 34). The Court writes separately to address certain of Wright's objections (Dkt. No. 35).

Wright roots the objections in the Fourteenth Amendment's Equal Protection Clause (Dkt. No. 35). However, outside of stating that Wright objects "do [sic] to the Equal Protection Clause[,]" Wright only restates the text of the Fourteenth Amendment (*Id.*). Wright does not make out an equal protection claim here, nor did Wright do so in the pleadings (Dkt. No. 4, at 7–8; 35).[1]

---

[1] The Court notes that Wright stated in the amended complaint that Wright brought the instant case for the alleged violation of Wright's rights secured "under [the] Eighth Amendment's prohibition against cruel and unusual punishment, as well as [Wright's] rights under [the] Fourteenth Amendment and [the] Affordable Care Act" (Dkt. No. 4, at 8). Neither the Recommendation nor the remaining defendants' motion for summary judgment addresses the Fourteenth Amendment or Affordable Care Act (*See generally* Dkt. Nos. 30; 34). Given that the Court can find no indication that Wright alleged Fourteenth Amendment Equal Protection Violations in the amended complaint, the Court presumes that Judge Volpe, in applying a liberal construction to Wright's amended complaint, presumed that Wright's Fourteenth Amendment claims were rooted in the incorporation of the Eighth Amendment's cruel and unusual punishment prohibition against the states. *See generally Robinson v. California*, 370 U.S. 660, 666 (1962) (incorporating against the states the Eighth Amendment's prohibition against cruel and unusual punishment through the Fourteenth Amendment); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (noting that *pro se* litigants are owed liberal construction of the documents they file). Furthermore, the Affordable Care Act contains no explicit private right of action, likely foreclosing Wright from making claims under the statute. *See generally* 42 U.S.C. § 300gg-5; *see also* U.S. Gov't Accountability Off., GAO 8-322525, Causes of Action under the Patient Protection and

*See generally Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) (explaining that "the first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her."); *see also Davis v. Warden Lewisburg USP,* 594 F. App'x 60, 62 (3d Cir. 2015) (unpublished) (citing *Klinger*, 31 F.3d at 731).

### III.  Conclusion

For the foregoing reasons, the Court dismisses without prejudice defendants Parker, Compton, and Reed as parties to this lawsuit (Dkt. No. 6). The Court also grants remaining defendants' motion for summary judgment, enters judgment in favor of the remaining defendants, and dismisses with prejudice Wright's amended complaint as to the remaining defendants (Dkt. Nos. 4; 30; 34). The Court certifies that an *in forma pauperis* appeal taken from this Order and the accompanying judgment would not be taken in good faith.

It is so ordered this 31st day of January, 2023.

*[signature: Kristine G. Baker]*

Kristine G. Baker
United States District Judge

---

Affordable Care Act 12 (Mar. 3, 2012) (explaining that the Government Accountability Office did "not believe that the courts would be likely to find . . . new causes of action or claims" in the Affordable Care Act).